AP-77,036
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/7/2015 7:26:39 AM
Accepted 10/7/2015 8:47:45 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

No. AP-77,036

FILED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

**JUAN BALDERAS**
*Appellant*,

**v.**

**THE STATE OF TEXAS**

On Direct Appeal from the 179th District Court of Harris, Texas; Cause No. 1412826.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS IS A DEATH PENALTY CASE

---

# APPELLANT'S LIST OF SUPPLEMENTAL AUTHORITIES

---

ORAL ARGUMENT SCHEDULED FOR 10/07/2015

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, Texas 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Appellant
(court-appointed)**

October 7, 2015

To the Honorable Court of Criminal Appeals:

This case is set for oral argument today, October 7, 2015. Appellant would like to draw the Court's attention to the following additional authorities in support of his claim that his right to confrontation was denied by the State's use of an unnecessary interpreter:

Cases

*R. v. Burke*, 8 Cox Crim. Cas. 45, 47 (1858) ("The value of this test [cross-examination] is very much lessened in the case of a witness, having a sufficient knowledge of the English language to understand the questions put by counsel, pretending ignorance of it, and gaining time to consider his answers while the interpreter is going through the useless task of interpreting the question which the witness already understands.")(cited in  Wigmore on Evidence (Chadbourn Ed. 1970), §811, p. 277).

*In the Interest of R.R., a Juvenile*, 79 N.J. 97, 116, 398 A.2d 76 (Supreme Court of New Jersey 1979) ("An interpreter should never be appointed unless Necessary to the conduct of a case. That is, interpretation should be resorted to only when a witness' natural mode of expression is not intelligible to the tribunal. [citations omitted].  This is so because no matter how disinterested an interpreter might be, there always exists a possibility that he will inadvertently distort the message communicated by the primary witness.").

<u>Treatise</u>

In discussing the necessity of interpretation, the following was recounted in 3

<u>Wigmore on Evidence</u> (Chadbourn Ed. 1970), §811, p. 277:

"Interpretation is proper to be resorted to *whenever a necessity exists*, but not till then.[1] " (emphasis in original).

fn. 1:

"The following anecdote illustrates the need of caution: O'Regan's Memoirs of John Philpott Curran, 29: 'An Irish witness, Mr. Curran said, was called on the table to give evidence, and having a preference for his own language (first, as that in which he could best express himself, next, as being a poor Celt he loved it for its antiquity, **but above all other reasons, that he could better escape cross-examination by it**), and wishing to appear mean and poor and therefore a mere 'Irish,' he was observed on coming into court to take the buckles [tongues] cunningly out of his shoes. The reason of this was asked by counsel, and one of the country people, his opponent in the suit, cried out, 'The reason, my lord, is that the fellow does not like to appear to be master of two tongues!' " (emphasis added).

Concerning the situation in which a witness falsely claims to need an interpreter, Dean Wigmore states the following:

"A witness who demands an interpreter on the ground of inability to speak English is *discredited* as a falsifier if it is shown that he is in fact able to speak it." (emphasis in original).

<u>Wigmore on Evidence</u> (Chadbourn Ed. 1970), §812(6), p. 283:

Respectfully submitted,


By: /s/ R. SCOTT SHEARER
   **R. Scott Shearer**
   TBA No. 00786464
   917 Franiklin, Suite 320
   Houston, Texas 77002
   (713) 254-5629
   (713) 224-2889 FAX
   *ShearerLegal@Yahoo.com*

   **Attorney for Appellant
   (court-appointed)**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Brief for Appellant has been served upon the State of Texas by e-mailing a copy of same to the following parties at their respective addresses on this the 7th day of October, 2015:

DISTRICT ATTORNEY'S OFFICE
A.D.A. CLINTON A. MORGAN
APPELLATE DIVISION
DISTRICT ATTORNEY'S OFFICE
1201 FRANKLIN, SUITE 600
HOUSTON, TX 77002
*Morgan_Clionton@dao.hctx.net*

/s/ R. SCOTT SHEARER
**R. Scott Shearer**